**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Burbage Smoak, Respondent,

v.

George Mitchell, Appellant.

Appellate Case No. 2012-212176

Appeal From Dorchester County
Maite D. Murphy, Circuit Court Judge

Unpublished Opinion No. 2013-UP-309
Heard May 16, 2013 – Filed July 3, 2013

**AFFIRMED**

Willie Bruce Heyward, of Heirs' Property Law Center, LLC, of Charleston, for Appellant.

Jeffrey Scott Weathers, of the Law Office of Jeffrey S. Weathers, LLC, of Moncks Corner, for Respondent.

**PER CURIAM:** George Mitchell (Mitchell) appeals the circuit court's order finding him in default of the terms of a Bond for Title to a piece of real property located in Dorchester County and extinguishing his rights to the property. Mitchell argues the circuit court erred in failing to address the specific elements required

before ordering the forfeiture of property and in failing to afford Mitchell the equitable right of redemption. We affirm.

Initially, we find Smoak's arguments unpreserved for our review based on his failure to raise them to the circuit court. *See Shealy v. Aiken Cnty.*, 341 S.C. 448, 460, 535 S.E.2d 438, 444-45 (2000) (holding an issue was not preserved for appeal because the trial judge's general ruling was insufficient to preserve the specific issue for appellate review and the appellant did not move to alter or amend the judgment pursuant to Rule 59(e), SCRCP); *Cowburn v. Leventis*, 366 S.C. 20, 41, 619 S.E.2d 437, 449 (Ct. App. 2005) ("In order for an issue to be preserved for appellate review, with few exceptions, it must be raised and ruled upon by the [circuit court]."). Moreover, we find Smoak's arguments fail on the merits.

"Actions to foreclose or cancel an instrument are actions in equity." *Cody Discount, Inc. v. Merritt*, 368 S.C. 570, 574, 629 S.E.2d 697, 699 (Ct. App. 2006). "In an action in equity, while this Court is free to take its own view of the preponderance of the evidence, this does not require us to disregard the findings of the [circuit court] judge who saw and heard the witnesses and, accordingly, was in a better position to judge their credibility." *Id.* at 574-75, 629 S.E.2d at 699.

In *Lewis v. Premium Investment Corp.*, 351 S.C. 167, 568 S.E.2d 361 (2002), our supreme court held that in some instances "it would be inequitable to enforce [a] forfeiture provision without first allowing the purchaser an opportunity to redeem the installment contract by paying the entire purchase price." *Id.* at 172, 568 S.E.2d at 364. In determining whether redemption is equitable under the circumstances, a court may consider certain factors, including "the amount of equity the purchaser has accumulated, the length and number of defaults, the amount of forfeiture, the speed in which equity is sought, and the amount of money the purchaser would forfeit in relation to the purchase price of the property." *Cody Discount, Inc.*, 368 S.C. at 575, 629 S.E.2d at 700 (citing *Lewis*, 351 S.C. at 174 n.5, 568 S.E.2d at 364 n.5).

Mitchell cites *Cody Discount*, in which this court found the master-in-equity erred in enforcing a forfeiture provision, in favor of his argument that the circuit court erred in ordering forfeiture of the property. 368 S.C. at 575-76, 629 S.E.2d at 700. However, the facts of the instant case are easily distinguishable. In *Cody Discount*, the purchaser occasionally made late payments, but never missed a payment, and the seller never held her in default. *Id.* In addition, the seller did not bring the action to evict the purchaser until she was within $1,000 of paying off the entire

$44,500 contract price. *Id.* Further, in response to a letter from the seller indicating her remaining outstanding balance, the purchaser sent a response via certified mail indicating her desire to pay the balance and a check for the entire amount. *Id.* at 573, 629 S.E.2d at 699.

In contrast, the facts of the instant case indicate that, with the exception of certain payments made by his bankruptcy trustee during the pendency of his bankruptcy case, Mitchell has not made regularly scheduled payments under the Bond since approximately 2005, if not earlier. Further, although the exact amount of the remaining balance is difficult to ascertain from the record, evidence supports a finding that a substantial amount remains outstanding. Smoak estimated that Mitchell paid approximately half of the total amount due under the Bond before he filed the first action against Mitchell. In the consent order Smoak executed in 2007, Smoak agreed to a confession of judgment in the amount of $34,000, and records generated by his bankruptcy attorney indicated that he had paid $19,285 of the $34,503 principal owed under the Bond. Finally, although Smoak admits he initially forgave several of Mitchell's missed payments upon the condition that he would resume making scheduled payments, by the time of this suit, Mitchell was on notice that he was in default based on the earlier action and judgment against him. Based on the foregoing and under our own view of the preponderance of the evidence, we find Mitchell was entitled to the equitable claim of redemption. Accordingly, the order of the circuit court extinguishing Smoak's interest in the property is

**AFFIRMED.**

**HUFF, KONDUROS, and WILLIAMS, JJ., concur.**